UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:02CR178-V

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DARRIN KEITH PATTERSON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's pro se Motion to Vacate the Order of Restitution. Document #43.

The Defendant pled guilty to three counts of car-jacking, or aiding and abetting the same. See Documents ## 31, 35. On December 16, 2004, this Court entered judgment against the Defendant. Document #35. This Court sentenced the Defendant to a term of imprisonment of one-hundred fifteen (115) months, followed by three years of supervised release. Id. The Court also ordered the Defendant to pay a special assessment of $300, and to pay restitution in the amount of $4,607.00. Id.[1] The Defendant is currently incarcerated in Bennettsville, South Carolina.

In his motion, the Defendant requests that the Court vacate its judgment ordering

---

[1] Regarding these monetary penalties, the Court ordered that payment begin immediately, and that should any balance remain upon his supervised release, the Defendant would pay equal monthly installments of $50 starting sixty (60) days after his release. Document #35 at 5; see 18 U.S.C. § 3572(d)(1) (stating that "a person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately"). The order also states that "unless the court has expressly ordered otherwise, ...payment of criminal monetary penalties shall be due during the period of imprisonment." Id. The Court did not expressly order otherwise.

1

the payment of restitution.  Def. Mt. 1.  The Defendant offers several arguments in support of his motion.  The Defendant first argues that the Court improperly found that the Defendant is able to pay the monetary penalties assessed.  Second, the Defendant argues that the Court improperly delegated its authority to establish a schedule of payments to the Federal Bureau of Prisons (BOP).  The Defendant also objects to his participation in the Inmate Financial Responsibility Program (IFRP).[2]  The Court will address each of these arguments in turn.

The Court notes initially that offenses committed by the Defendant require a monetary penalty of restitution.  See 18 U.S.C. § 3663A(a)(1) (stating that "Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c) [subsection (c)(1)(A)(i) includes crimes of violence, like car-jacking], the court *shall order*, in addition to ... any other penalty authorized by law, that the defendant make restitution to the victim of the offense") (emphasis added).  In determining the amount of criminal monetary penalties assessed to the Defendant, the Court also considered the ability of the Defendant to pay.  See Document #35 at 5; see also 18 U.S.C. § 3664 (outlining the procedure for ordering restitution, including reference to the Presentence Report of the Defendant).  Therefore, in light of these statutory provisions and the analysis of the Court at sentencing, the Court properly imposed a monetary penalty of restitution.

Once imposed, an order of restitution may be modified if the defendant can

---

[2]In its Judgment, the Court recommended that the Federal Bureau of Prisons (BOP) enroll the Defendant in its Inmate Financial Responsibility Program (IFRP), which encourages and assists inmates with developing a financial plan for satisfaction of federal obligations.  Participation in the IFRP is voluntary.  See Summersett v. Bauknecht, 496 F. Supp. 2d 636, 641 (D.S.C. 2007).

demonstrate "any material change in [his] economic circumstances that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k). The Defendant argues that his current income is insufficient to provide for his expenses while incarcerated. Def. Mt. 1. However, the Court finds that the economic circumstances of the Defendant have not changed since the time of sentencing.

The second argument of Defendant is that the Court improperly delegated authority to the BOP to devise a payment schedule for these monetary penalties. Def. Mt. 1. He also challenges "the direction" of the Court for him to participate in the IFRP. Id. The Court will deny the Defendant relief on these grounds since both of these arguments are flawed.

The BOP administers the IFRP. See 28 C.F.R. § 545.10. The Court merely recommended to the BOP that the Defendant participate in the program, and participation in the program is ultimately voluntary. See Document #35 at 2; Footnote 2, supra. Furthermore, the Court did not delegate the authority to the BOP to establish a schedule of payments. Rather, the Court ordered that the Defendant pay the criminal monetary penalties "immediately." See Footnote 1, supra. The BOP provides the IFRP as a means for prisoners to meet their financial obligations, and in this case, the Defendant is obligated to make immediate restitution payments. See Footnote 2, supra. Therefore, the payment schedules established by the BOP under its IFRP do not constitute an improper delegation of authority by the courts. See United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. 2006) (unpublished).

Furthermore, to the extent that the motion of Defendant challenges the execution of the restitution order, the Court will construe the motion as a habeas corpus petition

pursuant to 28 U.S.C. § 2241.  See Summersett, 496 F. Supp. 2d at 642 (citing United States v. Childs, 126 Fed. Appx. 96 (4th Cir. 2005) (unpublished)).  Such a petition must be brought in the district of incarceration.  See United States v. Hudson, 221 Fed. Appx. 255 (4th Cir. 2007) (unpublished) (citing 28 U.S.C. § 2241(a) and In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)).  Since the Defendant is incarcerated in South Carolina, this Court is without jurisdiction to hear such a petition.  Therefore, insofar as this motion may be construed as a habeas petition under § 2241, this Court will dismiss the motion without prejudice to Defendant's right to file the action in the appropriate district.[3]

**IT IS, THEREFORE, ORDERED** that, for the foregoing reasons, the Motion of Defendant is hereby **DENIED**.

Signed: May 12, 2008

Richard L. Voorhees
United States District Judge

---

[3] The Court declines to transfer this action pursuant to 28 U.S.C. § 1631 because the Defendant has not exhausted his administrative remedies, and thus this action remains subject to dismissal.  See McGhee v. Clark, 166 F.3d 884, 885-887 (7th Cir. 1999).  The BOP provides prisoners with a number of administrative remedies to address objections that they might have to programs like the IFRP.  See 28 C.F.R. §§ 542.13-15.  The Defendant presents no evidence or allegations that he has pursued any such remedy with the BOP.